## John S. Matheson

**From:** Ekstrom, Alex (USAWAE) <Alex.Ekstrom@usdoj.gov>
**Sent:** Monday, December 02, 2013 12:47 PM
**To:** John S. Matheson
**Cc:** Clem, Aaron (FBI)
**Subject:** RE: US v. Vargas

John:

Sorry for the delay in response, here is what I know:

1) The Manufacturer, Model and Specs on the camera are LE sensitive, and are not items we would disclose, much less consent to publication in a court filing. The camera is remotely operable, with pan and zoom, and its capabilities are accurately reflected in the video, and more specifically the still shots provided in discovery, the later could be attached as exemplars.
2) The pole is owned by the Franklin County PUD, who gave permission prior to installation. I do not have any documents regarding consent.
3) No approval was obtained by our office under USAM 9.7.200, as this section relates to installations requiring a warrant.
4) The installation date is in the discovery, and the camera was turned off the same day as the search warrant was executed. I do not yet have any information on when, after it was no longer operating, it was physically removed.

Thanks

Alex

**From:** John S. Matheson [mailto:staffatjsmlaw@yahoo.com]
**Sent:** Thursday, November 07, 2013 9:46 AM
**To:** Ekstrom, Alex (USAWAE)
**Subject:** US v. Vargas

Dear Mr. Eckstrom:

I would like you to consider providing stipulated information as follows:

1. The manufacturer, the model and specifications of the subject camera;

2. The ownership of the property on which the pole was situated and the name of the utility owning the pole. Whether or not any consent from the owner of the property and the pole was obtained prior to installation of the camera. Copies of any consent would be appreciated.

3. State whether or not approval was obtained from the Justice Department prior to installation of the pole camera, see U.S. Attorneys' Manual 9-7.200.

4. State the date the camera was installed and the date the camera was removed.

I believe the capability of the camera as well as the duration of its use are relevant and would hope we could stipulate to these matters rather than requiring testimony.  Please advise.

Very best regards,

John S. Matheson

Cc: Client

**John S. Matheson**
**315 W. Kennewick Ave.**
**Kennewick, WA 99336**
**(509) 586-3091**
**(509) 586-2832 (fax)**
www.johnmathesonlaw.com

**This email and attachments are confidential and privileged, intended only for the named recipient(s).  If you are not a named recipient, your receipt is without a waiver of attorney client, work product, or any other applicable privilege, and dissemination, distribution, or copying of this email or attachments is prohibited.  Please notify the sender at the email address or phone number provided and delete from your computer.  Thank you.**